UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACQUELYN MUSIELLO and other employees similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CBS CORPORATION, CBS RADIO INC., CBS SPORTS RADIO NETWORK INC., ENTERCOM COMMUNICATIONS CORP., DAN TAYLOR, MARGARET MARION, ABC CORPORATIONS "1-5" AND JOHN DOES "1-10,"<br><br>Defendants. | Civil Action No.: _____<br>Removed from: Supreme Court for the State of New York, Bronx County, Index No. 22387/2020E<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>*Electronically Filed* |

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE THAT** Defendants Entercom Communications Corp. ("Entercom"), CBS Corporation n/k/a ViacomCBS Inc. ("CBS"), CBS Radio Inc. n/k/a Entercom Media Corp. (for ease of reference only, "CBS Radio"), CBS Sports Radio Network Inc. n/k/a Entercom Sports Radio, LLC (for ease of reference only, "CBS Sports Radio"), and Margaret Marion (collectively "Defendants") hereby remove this action from the Supreme Court of the State of New York for the County of Bronx to the United States District Court for the Southern District of New York (the "Court").  As set forth further below, this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"), because this matter was brought as a putative class action, diversity of citizenship exists between one or more members of the putative class and each of the Defendants, the number of potential putative class members exceeds one hundred (100) individuals, and, according to Plaintiff's Complaint, the amount in controversy exceeds $5 million in the aggregate.

I.     **FACTUAL & PROCEDURAL BACKGROUND.**

1. This lawsuit is a putative class action within the meaning of CAFA and should be removed to the United States District Court for the Southern District of New York.[1]  *See* 28 U.S.C. § 1453.

2. On or about February 18, 2020, Plaintiff Jacquelyn Musiello ("Plaintiff") commenced an action against Defendants on behalf of herself and on behalf of a purported putative class of similarly situated female employees in the Supreme Court of the State of New York for the County of Bronx.[2]  A true and correct copy of the Summons and Verified Complaint are attached hereto as Exhibit "A".

3. On or about March 18, 2020, counsel for Defendants confirmed that Plaintiff had served CBS and CBS Sports Radio with the Summons and Complaint by serving the New York Secretary of State ("NYSOS") with copies of the same on or about February 24, 2020, and similarly served Entercom with the Summons and Complaint by serving the NYSOS with copies of the same on or about February 25, 2020.

4. Upon information and belief, neither CBS Radio[3], Ms. Marion, nor Mr. Taylor have been served with the Summons and Complaint.

---

[1] Defendants do not concede, and specifically deny, Plaintiff's allegations that any individuals are similarly situated to Plaintiff and that this lawsuit is or may proceed as a class action. Further, CBS Corporation specifically denies that it is a proper party to this action because, among other things, it never employed Plaintiff, it did not control Plaintiff's employment, and Plaintiff has not pled sufficient facts such that CBS Corporation would be considered Plaintiff's putative employer.

[2] Plaintiff originally filed the Complaint on February 14, 2020, and filed a "corrected" version of the Complaint on February 18, 2020. For purposes of this Notice of Removal, Defendants refer to the February 18, 2020 filing as the operative Complaint.

[3] In November 2017, CBS spun off its radio business, CBS Radio, which merged with and into Entercom. Accordingly, CBS Radio is now a wholly-owned subsidiary of Entercom and is now known as Entercom Media Corporation.

5. All Defendants who have been served with the Summons and Complaint consent to this Notice of Removal. 28 U.S.C. § 1446(b)(2)(A).

6. Plaintiff purports to bring and maintain this action as a class action pursuant to Sections 901 and 1002 of the New York Civil Practice Law and Rules ("N.Y.C.P.L.R."). Ex. A at ¶ 1. Specifically, Plaintiff seeks to represent a putative class of similarly situated female employees, though the Complaint does not otherwise define the putative class in terms of job position or title, pay rate, work location, department, or any other identifying details. *Id.* at ¶ 5.

7. Plaintiff purports to assert class-wide causes of actions alleging: (1) sex-based disparate treatment discrimination under the NYSHRL and NYCHRL; and (2) sex-based disparate impact discrimination under the NYSHRL and NYCHRL. *Id.* at ¶¶ 113-125.

8. In particular, according to the Complaint, Plaintiff seeks to recover on behalf of herself and other similarly situated female employees relief including: (1) declaratory judgment that the "acts, policies, practices and procedures complained of herein violated Plaintiff's rights and those female employees similarly situated;" (2) injunctive relief, (3) compensatory damages "believed to exceed $10,000,000." *Id.* at "Wherefore" Clause.

9. As noted above, Plaintiff filed the Complaint on February 18, 2020. The applicable statutes of limitations for each of Plaintiff's class claims under the NYSHRL and NYCHRL is three years. N.Y.C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8-402. Thus, solely for purposes of establishing federal jurisdiction under CAFA in this Notice of Removal, the putative class period with respect to Plaintiff's claims is February 18, 2017 through the conclusion of this action (the "Class Period").

## II. REMOVAL IS TIMELY.

10. Plaintiff's Complaint is framed as an individual and putative class action and seeks recovery for purported sex-based discrimination, harassment, and/or retaliation under New York

3

law. Therefore, for the purposes of this Notice of Removal only, this matter is a class action as that term is defined pursuant to 28 U.S.C. §§ 1332(d)(1)(B) and 1453.[4]

11.  This Notice of Removal is being filed within thirty (30) days of service of the Summons and Complaint on Defendants Entercom, CBS Corporation, and CBS Sports Radio and is thus timely under 28 U.S.C. §§ 1446(b) and 1453.

12.  As noted above, and upon information and belief, neither CBS Radio, Ms. Marion, nor Mr. Taylor have been served with the Summons and Complaint. However, CBS Radio and Ms. Marion consent to filing this Notice of Removal.

13.  No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.  THIS COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005.

14.  This Court has jurisdiction over this matter pursuant to CAFA. *See* 28 U.S.C. §§ 1332(d) and 1453. Under CAFA, United States District Courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant" (28 U.S.C. § 1332(d)(2)(A)); (2) "the number of members of all proposed plaintiff classes in the aggregate is" not less than 100 (28 U.S.C. § 1332(d)(5)(B)); and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" (28 U.S.C. § 1332(d)(2)).

15.  As set forth below, each of these requirements is met in this case. Accordingly, removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

---

[4]  Defendants do not concede, and specifically deny, that this matter may proceed as a class action.

4

### A.     Diversity of Citizenship Exists.

16.     To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists – that is, that one putative class member is a citizen of a State different from that of any of the defendants.  *See* 28 U.S.C. § 1332(d)(2).

17.     Plaintiff alleges that she resides in Bronx County, New York.  *See* Ex. A at ¶ 8.

18.     Defendant CBS Corporation[5] is incorporated in the State of Delaware and maintains its principal place of business in the State of New York.  *See* Declaration of Michael E. Dash, Jr. ("Dash Decl."), ¶ 3; Ex. A at ¶ 34 (alleging that CBS Corporation is a foreign corporation organized under the laws of Delaware); ¶ 36 (alleging that CBS Corporation maintains its principal place of business in New York, New York).

19.     Defendant CBS Radio Inc. is a former, wholly-owned indirect subsidiary of Defendant CBS Corporation.  CBS Radio was incorporated in the State of Delaware and maintained its principal places of business in the State of New York.  *See* Dash Decl., ¶ 4; Ex. A at ¶ 40 (alleging that CBS Radio is a foreign corporation organized under the laws of Delaware); ¶ 43 (alleging that CBS Radio maintains its principal place of business in New York, New York).  As noted above, as of November 2017, CBS Radio is now a wholly-owned subsidiary of Entercom and has been renamed Entercom Media Corp.

20.     Defendant CBS Sports Radio Network Inc. is a wholly-owned subsidiary of Entercom and has been renamed Entercom Sports Radio, LLC.  CBS Sports Radio Network, Inc. is incorporated in the State of Delaware and maintains its principal place of business in the State of New York.  *See* Dash Decl., ¶ 6.

---

[5]     CBS Corporation is now known as ViacomCBS Inc. following the merger of Viacom Inc. with and into CBS Corporation on December 4, 2019, with CBS Corporation continuing as the surviving corporation, which has been renamed "ViacomCBS Inc."

21.     Defendant Entercom Communications Corp. is incorporated in and maintains its principal place of business in the Commonwealth of Pennsylvania. *See* Dash Decl., ¶ 5; Ex. A at ¶ 71 (alleging that Entercom is a foreign corporation organized under the laws of Pennsylvania); ¶ 75 (alleging that Entercom maintains its principal place of business in Pennsylvania).

22.     Defendant Margaret Marion resides in the State of New Jersey. *See* Dash Decl., ¶ 7.

23.     Upon information and belief, Defendant Dan Taylor resides in the State of Connecticut. *See* Dash Decl., ¶ 8.

24.     Accordingly, the Defendants are collectively citizens of Delaware (CBS Corporation, CBS Radio Inc., CBS Sports Radio Network Inc.), New York (CBS Corporation, CBS Radio Inc., CBS Sports Radio Network Inc.), Pennsylvania (Entercom Communications Corp.), New Jersey (Ms. Marion), and Connecticut (Mr. Taylor).

25.     Based on Defendant Entercom's human resources records as kept in the ordinary course of business, at least one putative class member is a citizen of a State that is not Delaware, New York, Pennsylvania, New Jersey, or Connecticut. *See* Dash Decl., ¶ 10.

26.     Indeed, Entercom's human resources records indicate that putative class members have either current or last known addresses in Alabama, Colorado, Florida, Illinois, Maryland, Massachusetts, Texas, and Vermont. *See* Dash Decl., ¶ 10.

27.     Therefore, there is diversity of citizenship pursuant to CAFA because at least one member of the putative class "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

**B.     The Proposed Class Consists Of At Least 100 Putative Class Members.**

28.     Removal under CAFA is appropriate where there are at least one hundred (100) members of all proposed classes in the aggregate. *See* 28 U.S.C. § 1332(d)(5)(B).

29. The Complaint alleges claims on behalf of Plaintiff and a putative class consisting of all "female employees" of Defendants. *See* Complaint (Ex. A), ¶ 3, 5.

30. As of the date of this filing, and according to Entercom's human resources records as kept in the ordinary course of business, at least 100 female employees have worked for CBS Radio and/or Entercom at work locations in New York City alone during the Class Period. *See* Dash Decl., ¶ 9.

31. Therefore, the second jurisdictional requirement under CAFA is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

**C.  The Amount in Controversy Exceeds $5,000,000.**[6]

32. Under CAFA, the claims of the individual putative class members are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).

33. Here, the Complaint alleges compensatory damages for "emotional pain and suffering, mental anguish, humiliation, loss of reputation and opportunity and permanent disability in an amount…*believed to exceed $10,000,000.*" *See* "Wherefore Clause" of Complaint at Ex. A, ¶ 4 (emphasis added). The Complaint further alleges unspecified damages for liquidated damages, punitive damages, and attorneys' fees. *Id.* at ¶¶ 5-7.

---

[6] This Notice of Removal discusses the nature and amount of damages placed at issue based only on Plaintiff's Complaint. Defendants' reference to damages amounts alleged by Plaintiff in the Complaint is provided solely for the purpose of establishing that the amount in controversy is in excess of the jurisdictional minimum for purposes of removal under CAFA. Defendants maintain that each of Plaintiff's claims is without merit and that Defendants are not liable to Plaintiff or the putative class she claims to represent. Defendants further specifically deny that Plaintiff has suffered any damage as a result of any act or omission by Defendants. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

34. While Defendants deny Plaintiff's allegations and specifically deny that Plaintiff or any member of the putative class she purports to represent is entitled to the relief sought in the Complaint or to any other form of relief, Plaintiff's admission alone establishes that the amount in controversy of this case exceeds $5,000,000, exclusive of interest and costs. *See, e.g.*, *Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 250 (S.D.N.Y. 2013) (denying motion to remand and observing that, to establish CAFA's amount-in-controversy requirement, the Court must look "first to the plaintiffs' complaint").

35. Therefore, the amount-in-controversy requirement under CAFA is met. *See* 28 U.S.C. § 1332(d)(2).

## IV.  THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

36. As set forth above, this Notice of Removal is timely under 28 U.S.C. §§ 1446(b) and 1453.

37. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Southern District of New York is the federal judicial district and division embracing the Supreme Court of the State of New York, County of Bronx, where Plaintiff originally filed this action, and a substantial part of the alleged events or omissions giving rise to Plaintiff's claims are alleged to have occurred in this judicial district. *See e.g.*, Ex. A at ¶ 11 (alleging that Plaintiff worked as a "Staff Accountant in the Finance Department" at CBS Radio's 345 Hudson Street, New York, New York location); ¶¶ 36 and 43 (alleging that CBS Corporation and CBS Radio maintain or maintained principal places of business in New York, New York); ¶ 82 (alleging that Mr. Taylor supervised Plaintiff during her employment); ¶ 119 (alleging a "Farewell Party" at "3 Sheets Salon located at 143 W. 4th Street, NY, NY").

38. As required by 28 U.S.C. § 1446(d), Defendants will provide a copy of this Notice of Removal to Plaintiff through her attorneys of record.

39. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of Court for the Supreme Court of the State of New York, Bronx County.[7]

40. Defendants have sought no similar relief.

41. If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to present further evidence and argument in support of their position that this case is removable.

WHEREFORE, Defendants, desiring to remove this case from the Supreme Court of the State of New York, Bronx County to the United States District Court for the Southern District of New York, pray that the filing of this Notice of Removal shall effect the removal of this action to this Court.

Dated: March 25, 2020  
New York, New York

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s Chelsea L. Conanan*
Chelsea L. Conanan
Liliya P. Kramer
101 Park Avenue
New York, NY 10178-0060
Tel.:  (212) 309-6000
Fax:  (212) 309-6001
Chelsea.Conanan@morganlewis.com
Liliya.Kramer@morganlewis.com

Michael L. Banks (*pro hac vice* application forthcoming)
W. John Lee (*pro hac vice* application forthcoming)
1701 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-5000

---

[7] Pursuant to Administrative Order of the Chief Administrative Judge of the Courts AO/78/20, all new court filings that are not essential matters are not being accepted. Accordingly, Defendants will file a copy of this Notice of Removal with the Clerk of Court for the Supreme Court of the State of New York, Bronx County as soon as the Clerk resumes accepting such filings.

Fax: (215) 963-5001
Michael.Banks@morganlewis.com
W.John.Lee@morganlewis.com

*Attorneys for Defendants CBS Corporation, CBS Radio Inc., CBS Sports Radio Network Inc., Entercom Communications Corp., and Margaret Marion*

## **CERTIFICATE OF SERVICE**

I hereby affirm that I served a true and correct copy of Defendants' Notice of Removal and supporting documents, by ECF, on March 25, 2020 on:

Donna H. Clancy, Esq.
40 Wall Street, 61st Floor
New York, New York 10005

*Attorneys for Plaintiff*

          */s Chelsea L. Conanan*
          Chelsea L. Conanan