UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

JACQUELYN MUSIELLO, *and other employees similarly situated*,

                              Plaintiff,

                    -v-

CBS CORPORATION, CBS RADIO INC.,
CBS SPORTS RADIO NETWORK INC.,
ENTERCOM COMMUNICATIONS CORP.,
DAN TAYLOR, MARGARET MARION,
ABC CORPORATIONS 1–5, and
JOHN DOES 1–10,

                              Defendants.

20 Civ. 2569 (PAE)

<u>ORDER</u>

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

      Before the Court is plaintiff Jacquelyn Musiello's motion to remand this action to the Supreme Court of New York, Bronx County, where it was originally filed. Defendants contend that removal to this Court was proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). For the following reasons, the Court denies plaintiff's motion.

      On February 14, 2020, Musiello filed her class action complaint in New York Supreme Court, alleging, "*inter alia*, sex discrimination, sexual harassment, hostile work environment, and retaliation for her complaints of violations of the civil rights of CBS employees, including herself, arising out of rampant discriminatory practices prohibited under New York anti-discrimination and Labor laws." Dkt. 1-1 ("Cmplt.") ¶ 1. The complaint seeks $10 million in damages for Musiello "and others similarly situated." *Id.* at 44–45 ("Wherefore Clause"). On March 25, 2020, defendants removed the case to federal court, and the matter was assigned to this Court. Dkt. 1 ("Removal Notice"); Dkt. 2 ("Dash Decl."). Defendants asserted that the

Court has subject-matter jurisdiction pursuant to CAFA, which grants district courts "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which" there is minimal diversity and the proposed class exceeds a total of 100 plaintiffs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5); Removal Notice; *see also Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). The removing defendant bears the burden of establishing the Court's CAFA jurisdiction by a "reasonable probability." *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006).

On April 24, 2020, Musiello filed a motion to remand this action to state court, Dkt. 14, a supporting memorandum of law, Dkt. 16 ("Pl. Mem."), and the declaration of Donna H. Clancy, Esq., Dkt. 15 ("Clancy Decl."), with an attached exhibit. On May 22, 2020, defendants filed a memorandum of law in opposition. Dkt. 29 ("Def. Opp'n"). On May 29, 2020, Musiello filed a reply, Dkt. 31 ("Pl. Reply") and the reply affirmation of Donna H. Clancy, Esq., Dkt. 30 ("Clancy Reply Affirm."), with an attached exhibit.

Musiello primarily argues that remand should be granted because defendants have failed to establish that there are more than 100 members in the putative class. She also gestures at an argument that the Court should find that the home state exception to CAFA applies here. Neither argument is availing.

Musiello first argues that defendants cannot in good faith claim that the putative class is greater than 100 plaintiffs, since she did not in her complaint allege or even estimate the precise number of similarly situated employees. Pl. Mem. at 2. She therefore argues that "any estimate of that number at this juncture would be pure conjecture and cannot possibly support removal." *Id.* She further alleges that "[d]efendants' notice of removal does not even rise to the level of

2

conjecture, since it is based on the misrepresentation that Plaintiff specifies 'all' employees as similarly situated in her Complaint." *Id.* at 9–10.  Finally, she notes that she "name[d] . . . less [sic] than ten victims," *id.* at 9, while refusing to rule out the possibility that the class could be much larger, *see* Pl. Reply at 3 ("Plaintiff specified various former colleagues who were similarly situated to her while she was employed by Defendants . . . [h]owever, she is not limiting the putative class to those employees.").

Defendants respond that "[p]laintiff's argument is a convoluted attempt to amend the Complaint solely to defeat jurisdiction."  Def. Opp'n at 10.  The Court agrees.  Defendants have proffered that, based on human resources records, they employed upwards of 400 "female employees" in their New York City offices during the period covered by the statute of limitations.  *Id.* at 9, 11, 13; *see also* Removal Notice at 6–7; Dash Decl. ¶¶ 9–10.  This is sufficient to satisfy CAFA's numerosity requirement.  And notwithstanding Musiello's protestations, her complaint is fairly read as asserting class claims on behalf of all of defendants' female employees, even if she does not literally use the word "all."  The complaint repeatedly asserts claims on behalf of, and alleges discrimination against, defendants' "female employees" without limitation, *see, e.g.*, Cmplt. ¶¶ 5, 29, 123, 124, 126, 127, 116, 115, 122, 125,[1] brings multiple claims on behalf of Musiello "and other similarly situated females," *see, e.g.*, plaintiff's first, third and fourth causes of action; Pl. Mem. at 5 ("Three purported class-wide claims on behalf of herself and other similarly situated female employees are asserted[.]"), and prays, in its wherefore clause, for relief for Musiello "and others similarly situated," *see* Wherefore Clause.  The inescapable conclusion in reading the text of Musiello's complaint is that it is brought on

---

[1] Musiello's complaint confusingly repeats paragraph numbers at multiple points in the document.

behalf of all current and former female employees who worked for defendants during the statutory period.

Moreover, as defendants rightly point out, Musiello fails to define the contours of an alternative and presumably more narrowly drawn putative class. Instead, she merely argues that the class is currently indefinable but in any event is surely fewer than 100 plaintiffs. Def. Opp'n at 2–3, 4, 10–12; *see* Pl. Mem. at 1, 9–10. In any event, even if Musiello's motion for remand had proposed a narrower class, such a constructive amendment would not deprive the Court of CAFA jurisdiction. "[J]urisdiction under CAFA is secure even [when], after removal," a plaintiff attempts to "amend[] [her] complaint to eliminate the class allegations." *In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 102 (2d Cir. 2015). The Court therefore concludes that defendants have carried their burden to establish CAFA's numerosity requirement.

While the "[a]rgument" section of Musiello's motion for remand addresses solely her numerosity claim, she hints in both her motion and reply that the home state exception may also defeat CAFA jurisdiction in this case. *See* Pl. Mem. at 8–9; Pl. Reply at 5–6; Clancy Reply Affirm. For avoidance of doubt, the Court rejects such a contention. The home state exception provides that "[a] district court shall decline to exercise [CAFA] jurisdiction . . . [where] two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). "[O]nce the general requirements of CAFA jurisdiction are established, plaintiffs have the burden of demonstrating that remand is warranted on the basis of one of the enumerated [statutory] exceptions." *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010); *see also Hart v. Rick's NY Cabaret Int'l, Inc.*, 967 F. Supp. 2d 955, 960 (S.D.N.Y. 2014) ("Once CAFA jurisdiction is established,

the burden of proof to establish an exception to such jurisdiction rests with the party opposing the exercise of the Court's established jurisdiction." (internal quotation marks omitted)). Musiello, despite admittedly receiving copies of the employee data that defendants rely on in asserting CAFA jurisdiction, Pl. Reply at 5–6, does not make such an argument. Instead, she complains that "[n]one of this data has been presented to the Court in the proper form." *Id.* at 6. That is a red herring, as is her argument that defendants failed to provide the data on which they originally relied in removing this case.[2] It was Musiello's burden in asserting the home state exception—assuming *arguendo* that her briefing is taken to make such an argument—to make a cognizable argument on the merits. She has not done so.

Lastly, Musiello's reply brief raises for the first time a request for the attorneys' fees and costs incurred in bringing her motion to remand. *Id.* Notwithstanding the fact that new arguments are not properly raised in reply briefs, *see Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993), the Court can easily deny this claim on the merits. "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Having concluded that defendants' invocation of the Court's CAFA jurisdiction is not only reasonable but proper, Musiello's request is denied.

---

[2] Defendants persuasively explain that, in preparing their notice of removal, they reviewed a more limited data set of current and former employees and, finding this information sufficient to establish CAFA jurisdiction, did not conduct a more searching review of their human resources records. *See* Def. Opp'n at 5 n.4; Dash Decl. at ¶¶ 9–10. Upon Musiello's motion to remand, however, defendants endeavored to obtain a more complete set of employee records, which they provided to Musiello's counsel. Def. Opp'n at 6–7; *see also* Clancy Reply Affirm. ¶¶ 7, 9–11.

## CONCLUSION

For the foregoing reasons, Musiello's motion for remand is denied. The Court will issue a separate order setting a briefing schedule on defendants' motion to dismiss, which the Court held in abeyance pending resolution of this dispute.

The Clerk of Court is respectfully directed to terminate the motions at dockets 14 and 32.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: June 5, 2020
       New York, New York