UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACQUELYN MUSIELLO and other employees
similarly situated,

              Plaintiff,

    vs.

CBS CORPORATION, CBS RADIO INC., CBS
SPORTS RADIO NETWORK INC.,
ENTERCOM COMMUNICATIONS CORP.,
DAN TAYLOR, MARGARET MARION, ABC
CORPORATIONS "1-5" and JOHN DOES "1-
10",

              Defendants.

Case No. 1:20-cv-02569-PAE

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT CBS CORPORATION'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

MORGAN, LEWIS & BOCKIUS LLP

Michael L. Banks (*admitted pro hac vice*)
W. John Lee *(admitted pro hac)*
1701 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-5000
Fax: (215) 963-5001
Michael.Banks@morganlewis.com
W.John.Lee@morganlewis.com

Chelsea L. Conanan
Liliya P. Kramer
101 Park Avenue
New York, NY 10178-0060
Tel.:  (212) 309-6000
Fax:  (212) 309-6001
Chelsea.Conanan@morganlewis.com
Liliya.Kramer@morganlewis.com

*Attorneys for Defendant CBS Corporation*

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................................ 1

II.    ARGUMENT ............................................................................................................... 3

    A.     Plaintiff Has Not Plausibly Alleged That CBS Corporation And CBS
          Radio Inc. Are A "Single Integrated Employer." .................................................. 3

    B.     The "Continuing Violation" Doctrine Should Not Apply To Plaintiff's
          Untimely Allegations Arising Prior to February 17, 2017 ................................... 8

    C.     Plaintiff Has Not Plausibly Alleged An Unpaid Overtime Claim ...................... 10

III.   CONCLUSION .......................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).............................................................................................6

*Bermudez v. City of New York*,
   783 F. Supp. 2d 560 (S.D.N.Y. 2011)..................................................................9

*Cabrera v. NYC*,
   436 F. Supp. 2d 635 (S.D.N.Y. 2006)..............................................................8, 9

*Collins v. City of New York*,
   156 F. Supp. 3d 448, 458 (S.D.N.Y. 2016)..........................................................8

*Cook v. Arrowsmith Shelburne, Inc.*,
   69 F.3d 1235 (2d Cir. 1995)......................................................................3, 5, 6, 7

*Davidson v. Lagrange Fire Dist.*,
   No. 08-3036, 2012 WL 2866248 (S.D.N.Y. June 19, 2012), *aff'd* 523 F.
   App'x 838 (2d Cir. 2013)......................................................................................8

*Dimitracopoulos v. City of New York*,
   26 F. Supp. 3d 200, 212 (E.D.N.Y. 2014) ...........................................................9

*Hudson v. W. New York Bics Div.*,
   73 F. App'x 525 (2d Cir. 2003) ...........................................................................10

*Huer Huang v. Shanghai City Corp.*,
   No. 19-7702, 2020 WL 2319166 (S.D.N.Y. May 11, 2020) .............................6, 7

*Kleinman v. Fashion Inst. of Tech.*,
   No. 16-4348, 2017 WL 3016940 (S.D.N.Y. July 14, 2017)................................10

*Louis v. New York City Hous. Auth.*,
   152 F. Supp. 3d 143, 156 (S.D.N.Y. 2016).........................................................3

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
   711 F.3d 106 (2d Cir. 2013)................................................................................10

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
   723 F.3d 192 (2d Cir. 2013)................................................................................10

*Popat v. Levy*,
   253 F. Supp. 3d 527, 538-40 (W.D.N.Y. 2017)...................................................4

*Santana v. Fishlegs, LLC*,
    No. 13-1628, 2013 WL 5951438 (S.D.N.Y. Nov. 7, 2013)......................................................7

*Semeraro v. Woodner Co.*,
    No. 17-8535, 2018 WL 3222542 (S.D.N.Y. July 2, 2018)......................................................4

*Toussaint v. City of New York*,
    No. 19-1239, 2020 WL 3978317 (S.D.N.Y. June 29, 2020), *reconsideration*
    *denied*, No. 19-1239, 2020 WL 3975472 (S.D.N.Y. July 14, 2020) .......................................9

**Statutes**

Fair Labor Standard Act................................................................................................6, 7, 10

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...................................................................................................1

Defendant CBS Corporation[1] ("CBS Corporation") respectfully submits this Reply Memorandum of Law in further support of its Motion to Dismiss Plaintiff Jacquelyn Musiello's ("Plaintiff") First Amended Class Action Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6).

I.   **INTRODUCTION**

Plaintiff does not dispute that she was hired by, employed by, paid by, promoted by, supervised by, provided leave and accommodations by, and eventually terminated by CBS Radio Inc.  She also does not dispute that the alleged conduct that she experienced was only by CBS Radio Inc. employees.  She now argues, however, that her prior employment with CBS Radio Inc. is "immaterial" and that CBS Corporation and CBS Radio Inc. are instead a "single integrated entity."  Both Plaintiff's Opposition and the FAC fail to present sufficient facts establishing a plausible "single integrated enterprise" or "single employer" relationship, and instead merely parrot the elements of the single employer test.  Plaintiff still offers no factual allegations plausibly demonstrating that CBS Corporation or its employees took any relevant action directly affecting Plaintiff or her employment.[2]

Plaintiff acknowledges that the most important question under the single employer doctrine is "[w]hat entity *made the final decisions* regarding employment matters *related to the person claiming discrimination*?"  The answer to this question is made clear in the FAC: Plaintiff

---

[1] CBS Corporation is now known as ViacomCBS Inc. following the merger of Viacom Inc. with and into CBS Corporation on December 4, 2019, with CBS Corporation continuing as the surviving corporation, which has been renamed "ViacomCBS Inc."  For ease of reference only, this Reply refers to "CBS Corporation."

[2] Knowing that the FAC lacks sufficient factual support for any of these elements, Plaintiff attempts to impermissibly amend the FAC with new allegations by attaching an affidavit from a former CBS Radio Inc. employee, Beth Epstein.  Dkt. No. 46.  As set forth below, Ms. Epstein's Affidavit should be disregarded.  Even if the Affidavit could be considered, however, it only further demonstrates that CBS Corporation did not employ Plaintiff (or Ms. Epstein) under any cognizable theory.

admits that only CBS Radio Inc. – not CBS Corporation – was the entity that made "final decisions" (or any decisions) regarding Plaintiff's hiring, salary, office location, duties and responsibilities, promotions, leave and accommodations, and ultimate termination when she failed to return from her medical leave of absence in February 2017.  Plaintiff fails entirely to allege that any CBS Corporation employee made decisions, let alone a "final decision," at any point in time relating to her individual employment or termination.

At bottom, Plaintiff tries to implicate CBS Corporation in a lawsuit involving someone it did not employ because of news articles about its former CEO.  She exploitatively infers that a purported "top down sexist culture" existed based only on allegations from two news articles that she copies into the FAC.  But Plaintiff has offered no specific factual averments suggesting that management at CBS Corporation had any involvement in or knowledge of her employment or separation from CBS Radio Inc. (and certainly no involvement or knowledge of any "final decision" involving Plaintiff), or of her individual claims of discrimination, harassment, and retaliation.  The alleged wrongdoing, according to the FAC, was perpetrated solely by employees who worked for CBS Radio Inc. at that subsidiary's offices in New York.  Faced with this reality, Plaintiff cannot rely on the "single employer" theory, or any other theory, to rope CBS Corporation into this case.

II.    <u>ARGUMENT</u>

A.    **Plaintiff Has Not Plausibly Alleged That CBS Corporation And CBS Radio Inc. Are A "Single Integrated Employer."**

Plaintiff has abandoned her "joint employer" and "common enterprise" theories,[3] and has now shifted her focus exclusively to the notion that CBS Corporation and CBS Radio Inc. constitute a "single integrated employer."  Opp. at 10-15.  But this theory also fails.

Under the "single employer" doctrine, a parent and subsidiary cannot be found to represent a single, integrated enterprise absent evidence of: "(1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control."  *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir. 1995) (internal citations omitted).  The second factor – centralized control of labor relations – is most important.  *Id.*  In this regard, and as Plaintiff readily acknowledges (Opp. at 11), the central question is: "What entity made the final decisions regarding employment matters *related to the person claiming discrimination*?"  *Id.* (emphasis added).  One way to satisfy the single employer test is to show that there is "an amount of participation [that] is sufficient and necessary to the total employment process[.]"  *Id.* at 1241 (internal citations omitted) (alteration in original).  Plaintiff has not met this showing by any means.

Plaintiff has not established what she admits is the most important factor in this analysis: centralized control of labor relations.  She has not pled facts suggesting that CBS Corporation made *any decisions*, let alone "final decisions," regarding her employment with or separation

---

[3] CBS Corporation demonstrated that Plaintiff had not plausibly alleged that it was a joint employer or common enterprise with CBS Radio Inc. in the FAC.  Plaintiff fails to address these theories in her Opposition, thereby conceding that CBS Corporation and CBS Radio Inc. are neither joint employers or common enterprises.  *See Louis v. New York City Hous. Auth.*, 152 F. Supp. 3d 143, 156 (S.D.N.Y. 2016) ("At the motion to dismiss stage, where review is limited to the pleadings, a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim.") (citation omitted).

from CBS Radio Inc.  Nor could she.  Plaintiff admits in the FAC that each decision affecting her

salary, duties and responsibilities, promotions, supervision, leave and accommodations,

workplace environment, and ultimate termination was determined and effectuated by CBS Radio

Inc. employees – specifically, her two CBS Radio Inc. supervisors, Ms. Marion and Mr. Friend,

and another employee, Mr. Taylor, whom she alleges sexually harassed her during her

employment with CBS Radio Inc.  *See* FAC ¶¶ 147-54.  Plaintiff does not allege that anyone

from CBS Corporation made any decision (much less, a "final" decision) regarding any aspect of

her employment with CBS Radio Inc.  *See Popat v. Levy*, 253 F. Supp. 3d 527, 538-40

(W.D.N.Y. 2017) (granting motion to dismiss entity associated with university in Title VII,

Sections 1981 and 1983, and NYSHRL action where amended complaint "lack[ed] any factual

allegation[] about the degree to which [the entity] played a role in any aspect of [plaintiff's]

employment or shared employment decisions with the [plaintiff's actual employer]" and stating

that plaintiff has "alleged no facts concerning the extent to which [the entity] exerted control

over the manner and means by which he performed his duties, compensated him or provided him

benefits, or played a role in any other aspect of his employment").[4]  Similarly, Plaintiff's vague

---

[4] Rather than pleading facts that CBS Corporation was involved in Plaintiff's challenged employment decisions, Plaintiff now points to an alleged layoff of another CBS Radio Inc. employee, Beth Epstein, and submits an entirely speculative affidavit outside of the FAC to do so.  Dkt. No. 46.  The Court should disregard this affidavit.  In ruling on a motion to dismiss, a "district court generally must confine itself to the four corners of the complaint and look only to the allegations contained therein."  *Semeraro v. Woodner Co.*, No. 17-8535, 2018 WL 3222542, at *4 (S.D.N.Y. July 2, 2018) (disregarding affidavit submitted by plaintiff in opposition to defendant's motion to dismiss discrimination, retaliation, and breach of contract claims under New York and federal law).  Nor should the Court permit leave to amend the FAC (which Plaintiff already had the opportunity to do) to add Epstein's speculative assertions, as Ms. Epstein does not allege that she ever interacted with or worked with Plaintiff (or any of Plaintiff's supervisors or co-workers) or that any CBS Corporation employee was involved in employment decisions affecting Plaintiff.  Even if the Affidavit may properly be considered (it cannot), it only further demonstrates the separation between CBS Corporation and CBS Radio Inc.  Aside from misleading innuendo, nowhere does the Affidavit directly allege that CBS Corporation made any decisions regarding Plaintiff's or Ms. Epstein's individual employment.  The Affidavit does not even mention who made the decision to allegedly layoff Ms. Epstein, only that she "was given a separation agreement" without any other details.

contention that "[a]ll critical decisions were referred for approval to CBS Corporation's Human
Resources and Finance Departments" (Opp. at 14) lacks any specificity as to what "critical
decisions" were in fact referred to CBS Corporation for "approval" and by whom, or whether
they affected Plaintiff.

Further, Plaintiff's focus on CBS Radio Inc.'s Policy Guide is misguided.  Plaintiff
argues that CBS Corporation allegedly "promulgated for use by its subsidiaries, including CBS
Radio" certain "company-wide Human Resources policies."  Opp. at 14.  Plaintiff points
exclusively to the "CBS Policy Guide" to argue (without any citation to the FAC and in
conclusory terms) that it is "abundantly clear [] that CBS Corporation not only promulgated HR
policies for CBS Radio but enforced them too."  *Id.*  However, the "CBS Policy Guide" cited by
Plaintiff is, in reality, the *CBS Radio Inc.* Policy Guide.  Def. Br. at 27.  The CBS Radio Inc.
Policy Guide is applicable only to CBS Radio Inc. (and not CBS Corporation) employees, as
Plaintiff herself acknowledges in the FAC.  *Id.*; *See* FAC ¶ 89  This alone demonstrates that CBS
Radio Inc. promulgated and enforced separate employment policies for CBS Radio Inc.
employees.

Moreover, even if CBS Radio Inc. had adopted CBS Corporation's policies in full, the
mere fact that it did is insufficient as a matter of law.  *See* Def. Br. at 27-28 (citing three cases –
none of which are distinguished by Plaintiff – holding that the mere fact that a subsidiary adopts
policies of a parent corporation is insufficient as a matter of law to show centralized control of
labor relations); *see also* Lockwood Decision at p. 8.  Ultimately, the focus of the second factor
is not which entity *could have* or *might have* exercised centralized control, as Plaintiff suggests
in her Opposition.  Rather, it is what entity actually "made the final decisions regarding
employment matters related to the person claiming discrimination."  *Cook*, 69 F.3d at 1240-41;

*see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief'") (internal citations omitted). In this case, based on Plaintiff's own allegations, that entity is CBS Radio Inc.

Plaintiff fares no better on the remaining factors. As to the first factor – interrelation of operations – Plaintiff alleges a series of tangential (and erroneous) connections between CBS Corporation and CBS Radio Inc. that have no bearing on Plaintiff's *individual* employment with (or termination from) CBS Radio Inc. *See* Opp. at 12-13 (discussing alleged integrated payroll, benefits, and communications systems and "CBS.com" and "CBSradio.com" email addresses). Even so, these allegations are insufficient to establish that CBS Corporation and CBS Radio Inc. had "interrelated" operations such that CBS Corporation is liable for CBS Radio Inc.'s alleged "constructive discharge" of Plaintiff.[5] *See, e.g.*, *Huer Huang v. Shanghai City Corp.*, No. 19-7702, 2020 WL 2319166, at *5 (S.D.N.Y. May 11, 2020) (granting motion to dismiss FLSA claims based on theory of single integrated employer and observing that "[i]t is not uncommon for two or more businesses that are run independently and manage their labor relations independently to use a single website or a common name for marketing purposes. That does not make each responsible for the labor law violations of the other.").[6]

---

[5] Plaintiff's focus on whether or not the word "continue" appears in the Master Separation Agreement entered into by CBS Corporation and CBS Radio Inc. following the Entercom merger does not alter this result. Opp. at 13-14. Plaintiff's contention is belied by the fact that the Master Separation Agreement states that "the Radio Group shall assume *or retain* . . . all liabilities with respect to the employment or termination of employment of all Radio Employees, Former Radio Employees . . . ." *See* Proxy Statement at p. 198 (emphasis added). The Master Separation Agreement also demonstrates that CBS Corporation employees were treated as separate and distinct from those employed by its former, wholly owned indirect subsidiary, CBS Radio Inc., Plaintiff's actual employer.

[6] The present case is readily distinguishable from *Cook*, where the Second Circuit found indicia of a single integrated enterprise between a parent corporation and subsidiary. In *Cook*, the parent corporation ran the subsidiary in a "direct, hands-on fashion[.]" *Id.* at 1241. For instance, the plaintiff in *Cook* was hired by the Vice President of Human Resources for the parent corporation and was subsequently fired at the direction of an individual who was paid directly by the parent corporation. *Id.* Moreover, the

Regarding the last two factors – common management and common ownership or financial control – Plaintiff merely argues that CBS Radio was a wholly owned subsidiary of CBS Corporation and that the FAC "contains details of various executives whose duties overlapped between CBS Corporation and CBS Radio."  Opp. at 15.  However, even assuming Plaintiff's allegations are accurate (they are not), "allegations of common ownership and common purposes, without more, do not answer the fundamental question of whether each corporate entity *controlled Plaintiffs as employees*."  *Huang*, 2020 WL 2319166, at *5 (emphasis added, internal citations omitted).  Rather, there must be sufficient allegations of "operational control" that permit an inference that "the alleged employer possessed the power to control the workers in question."  *Id.*  Plaintiff has not alleged that any CBS Corporation employee was involved in her challenged employment decisions, and, as a result of this fundamental defect, her claims against CBS Corporation should be dismissed.  *See, e.g.*, *Santana v. Fishlegs, LLC*, No. 13-1628, 2013 WL 5951438, at *8 (S.D.N.Y. Nov. 7, 2013) (granting motion to dismiss corporate defendants in FLSA and NYLL claims and rejecting argument that single integrated enterprise applied where corporate defendants allegedly shared wage and hour practices, ownership, operations, marketing, recruiting, employment methods and human resources personnel).[7]

Thus, Plaintiff has not alleged sufficiently that CBS Corporation and CBS Radio Inc. constitute a "single integrated employer."

___

president of the subsidiary operated out of one of the parent corporation's local offices.  *Id.*  Similar facts are not present in this case.
[7] Plaintiff alleges that unidentified "executives" had "overlapp[ing]" duties between CBS Corporation and CBS Radio, but fails to specify what those duties were and how they sufficiently demonstrate "operational control" of her or other CBS Radio Inc. employees' employment.  *See* FAC at ¶¶ 1, 2, 5, 69-71, 113.  And, while Plaintiff alleges she referred questions to CBS Corporation executives Mark Engstrom and Marland Zanders, she does not allege that these executives were involved in any of *her* employment decisions challenged in the FAC.

**B.     The "Continuing Violation" Doctrine Should Not Apply To Plaintiff's Untimely Allegations Arising Prior to February 17, 2017.**

The continuing violation doctrine does not save Plaintiff's otherwise untimely allegations about occurrences prior to February 17, 2017.  In fact, Plaintiff fails to demonstrate in her Opposition how "[a]ll of the discriminatory acts alleged by Plaintiff" in the FAC are "related" (Opp. at 15) such that the continuing violation doctrine could or should apply.

The continuing violation doctrine is "generally disfavored" within the Second Circuit and is applied only in "compelling circumstances."  *Cabrera v. NYC*, 436 F. Supp. 2d 635, 642-43 (S.D.N.Y. 2006).  Compelling circumstances exist where "the unlawful conduct takes place over a period of time, making it difficult to pinpoint the exact day the violation occurred; where there is a[n] 'express, openly espoused policy [that is] alleged to be discriminatory'; or where there is a pattern of covert conduct such that the plaintiff only belatedly recognizes its unlawfulness." *Davidson v. Lagrange Fire Dist.*, No. 08-3036, 2012 WL 2866248, at *9 (S.D.N.Y. June 19, 2012), *aff'd* 523 F. App'x 838 (2d Cir. 2013) (citation omitted).  Events such as termination, failure to promote, denial of transfer, or refusal to hire, are "discrete discriminatory acts [that] start[ ] a new clock for filing charges alleging that act" and typically do not qualify under this doctrine.  *Collins v. City of New York*, 156 F. Supp. 3d 448, 458 (S.D.N.Y. 2016) (quotation and citation omitted) (alterations in original).

New York courts have held that the "pre-*Morgan*, more generous continuing violation doctrine" applies to employment discrimination claims brought under the NYCHRL and the NYSHRL.  Nevertheless, Plaintiff must show that "specific and related instances of discrimination [were] permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice" for the continuing violation doctrine to apply.

*Dimitracopoulos v. City of New York*, 26 F. Supp. 3d 200, 212 (E.D.N.Y. 2014) (internal citations omitted).[8]  Plaintiff has not done that here.

Plaintiff relies on haphazardly strung-together allegations of harassment and discrimination that pertain to unspecified time periods, separate incidents (many of which involve other, non-party individuals and hearsay), and discrete acts, none of which are sufficient to establish an ongoing "discriminatory policy or practice."[9]  To the contrary, Plaintiff alleges merely a "number of instances in which [she] was allegedly discriminatorily treated," not an ongoing "policy or practice" that would implicate the (disfavored) continuing violation doctrine. *Cabrera*, 436 F. Supp. 2d at 642-43; *see also Toussaint v. City of New York*, No. 19-1239, 2020 WL 3978317, at *4 (S.D.N.Y. June 29, 2020), *reconsideration denied*, No. 19-1239, 2020 WL 3975472 (S.D.N.Y. July 14, 2020) (granting motion to dismiss Title VII, NYSHRL, and NYCHRL disparate impact and treatment claims where plaintiff failed to demonstrate "how the discrete acts alleged in his complaint, including actions taken by different or unspecified individuals, suffice to show continuing violations under the NYCHRL").

Moreover, Plaintiff alleges that she took her medical leave of absence in approximately December 2016, and was later terminated in February 2017.  FAC ¶ 174.  This break in Plaintiff's employment undermines any notion that Plaintiff was subjected to an ongoing

---

[8] Some courts have nonetheless continued to apply the more narrow, post-*Morgan* continuing violation doctrine to claims brought under the NYSHRL and NYCHRL.  *See e.g.*, *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 574 (S.D.N.Y. 2011) ("The standard for applying the continuing-violation doctrine to claims under the NYCHRL and the NYSHRL is also governed by *Morgan*." (citing case law holding same)).

[9] For instance, Plaintiff alleges that sometime in 2016, she witnessed two employees purportedly having sex in the office (FAC ¶ 161), that in 2015, she injured her foot and required medical leave for surgery. FAC ¶ 167.  When she finally went on leave a year later, Plaintiff alleges that Mr. Taylor sent her an email in "early 2017" to check in on her recovery.  FAC ¶ 172.  On February 17, 2017, Plaintiff's employment with CBS Radio Inc. was terminated after she failed to return from her medical leave.  FAC ¶ 174.

"discriminatory policy or practice" throughout her employment with CBS Radio Inc.  *See e.g.*, *Hudson v. W. New York Bics Div.*, 73 F. App'x 525, 527-28 (2d Cir. 2003) (affirming grant of summary judgment and concluding that district court did not err in declining to apply continuing violation of untimely events of alleged discrimination arising before plaintiff went on medical leave); *Kleinman v. Fashion Inst. of Tech.*, No. 16-4348, 2017 WL 3016940, at *9 (S.D.N.Y. July 14, 2017) (granting motion to dismiss and rejecting application of the continuing violation doctrine where plaintiff was on short-term medical leave during the period of time for which her claims were timely).

### C.    Plaintiff Has Not Plausibly Alleged An Unpaid Overtime Claim.

Finally, Plaintiff's claim for unpaid overtime under the NYLL should be dismissed. Plaintiff's threadbare allegations that she worked "more than 40 hours per week" for a two-year period do *not* provide "sufficient detail" to support a reasonable inference that she worked more than forty hours in a given week.  Indeed, in *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200-01 (2d Cir. 2013), the only case cited by Plaintiff in her Opposition on this point, the Second Circuit affirmed dismissal of the plaintiffs' FLSA and NYLL unpaid overtime claims because the complaint did not contain sufficient "specificity" as to when plaintiffs were scheduled to work or the "length and frequency of their unpaid work[.]"  Plaintiff does not allege which weeks over a two year period she worked more than 40 hours per week, nor does she allege (as she must) how much "uncompensated time in excess of the 40 hours" she worked.  *See Lundy v. Catholic Health Sys. of Long Island Inc*., 711 F.3d 106, 114 (2d Cir. 2013) (holding that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours").  Thus, her unpaid overtime claim should be dismissed.

**III.**    <u>**CONCLUSION**</u>

For all of the foregoing reasons and for the reasons set forth in CBS Corporation's moving

brief, CBS Corporation respectfully requests that this Court grant its Motion to Dismiss the claims

against it in their entirety.

Dated:  August 28, 2020               Respectfully submitted,
        New York, New York

                                      MORGAN, LEWIS & BOCKIUS LLP

                                      */s  Michael L. Banks*
                                      Michael L. Banks (*admitted pro hac vice*)
                                      W. John Lee *(admitted pro hac vice)*
                                      1701 Market Street
                                      Philadelphia, PA 19103
                                      Tel.: (215) 963-5000
                                      Michael.Banks@morganlewis.com
                                      W.John.Lee@morganlewis.com

                                      Chelsea L. Conanan
                                      Liliya P. Kramer
                                      101 Park Avenue
                                      New York, NY 10178-0060
                                      Tel.:  (212) 309-6000
                                      Chelsea.Conanan@morganlewis.com
                                      Liliya.Kramer@morganlewis.com

                                      *Attorneys for Defendant CBS Corporation*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby affirm that, on August 28, 2020, I served a true and correct copy of the foregoing Defendant CBS Corporation's Reply Memorandum of Law in Further Support of its Motion to Dismiss Plaintiff Jacquelyn Musiello's First Amended Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(6) by ECF on:

Donna H. Clancy, Esq.
40 Wall Street, 61st Floor
New York, New York 10005

*Attorneys for Plaintiff*

*/s Michael L. Banks*
Michael L. Banks

12